Case 4:25-cv-00304   Document 31   Filed on 10/28/25 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
October 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIELIA NACEEN HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-304 |
| | § | |
| UNITED CONTINENTAL HOLDING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are several motions to dismiss: (1) Defendant United Airlines Holdings, Inc.'s motion to dismiss for personal jurisdiction, (Dkt. No. 21); (2) Defendants Mikuta, Rosa, and Betts's motion to dismiss for insufficient service of process, (Dkt. No. 22); (3) Defendants Mikuta, Rosa, and Betts's Motion to dismiss for failure to state a claim, (Dkt. No. 23); (4) Defendant United Airlines, Inc.'s motion to dismiss for failure to state a claim, (Dkt. No. 24); and (5) Defendant Tamisha Hodges's motion to dismiss for failure to state a claim (Dkt. No. 8). After these motions were filed, Plaintiff filed a "Statement of Claim" (Dkt. No. 28), which the Court construes as an amended complaint. *See* September 11, 2025, Minute Entry ("The Court will give [Plaintiff] a couple of weeks to allow one more attempt to amend her pleadings."). After this amendment, the defendants incorporated their previously-filed motions to dismiss into new motions directed at the amendment. (Dkt. Nos. 29, 30).[1] For clarity's sake, the Court will adjudicate the motions filed before the amendment. *See Ogbonna v. Usplabs, LLC*, No. EP-13-CV-347, 2014 WL 12489694,

---

[1] The United Defendants (all defendants except for Hodges) style their recent motion as a motion for judgment on the pleadings. (Dkt. No. 30). This motion states that "the United Defendants reassert their previously filed motions under Rule 12(c)" and that "this pleading . . . incorporate[s] the . . . previously filed motions to dismiss by reference." *Id.* at 2. Because the previously-filed motions were filed under Rule 12(b), the Court treats the new motion as only reasserting the previous Rule 12(b) motions and does not adjudicate it under Rule 12(c).

at *2 (W.D. Tex. Feb. 19, 2014) (adjudicating pre-amendment motions when the amendment persisted in the alleged defects identified in the pre-amendment motions).

Having considered the arguments of counsel, relevant docket entries, and applicable law, the Court **GRANTS** the motions to dismiss for failure to state a claim and **DENIES** all other motions as moot.

## I.   Background

*Pro se* Plaintiff Natielia Naceen Hall brings a variety of claims, most of which are employment-related, against several United Airlines entities and individuals. (Dkt. Nos. 1, 28). To promote judicial efficiency and to avoid misstating Plaintiff's allegations, which difficult to decipher at times, the Court does not set forth a complete picture of Plaintiff's alleged factual background. Rather, the Court proceeds with resolving this case's pending motions.

## II.   Legal Standards

### A.   Federal Rule of Civil Procedure 12(b)(2)

Rule 12(b)(2) governs dismissal for lack of personal jurisdiction. The plaintiff bears the burden of establishing jurisdiction by prima facie evidence. *Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020). "To determine whether the plaintiff has met this burden, the court can consider the assertions in the plaintiff's complaint, as well as the contents of the record at the time of the motion." *Id.* (cleaned up). "When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (internal quotation marks and citation omitted). The court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *Frank*, 947 F.3d at 336. The Texas long-arm statute confers jurisdiction to the limits of due process. *Id.* Due process permits the exercise of personal jurisdiction over a nonresident defendant when that defendant has "such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)). "In giving content to that formulation, the Court has long focused on the nature and extent of 'the defendant's relationship to the forum State.'" *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017)).

"The Supreme Court has recognized two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction." *Alexander v. Anheuser-Busch, L.L.C.*, No. 19-30993, 2021 WL 3439131, at *2 (5th Cir. Aug. 5, 2021) (per curiam). "General jurisdiction arises when the defendant has 'continuous and systematic' contacts with the forum and 'allows for jurisdiction over all claims against the defendant, no matter their connection to the forum.'" *Id.* (quoting *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018)). "[F]or a state to have the power to hear [general] claims against a defendant, the defendant's ties with the state must be so pervasive that he is 'essentially at home' there." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 323 (5th Cir. 2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation is essentially "at home" in the state of "(1) the corporation's place of incorporation and (2) its principal place of business." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022).

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co.*, 592 U.S. at 359. "To be subject to specific jurisdiction, the defendant must have acted to 'purposefully avail[] itself of the privilege of conducting activities within the forum State' and 'there must be an affiliation between the forum and the underlying controversy.'" *Alexander*, 2021 WL 3439131, at *2 (quoting *Ford Motor Co.*, 592 U.S. at 359). "The non-resident's purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (internal quotation marks and citation omitted).

The court applies a three-prong test in determining whether the exercise of specific jurisdiction comports with the demands of due process: "(1) [whether] the defendant has formed minimum contacts with the forum state by purposely directing its activities toward the forum state or purposefully availing itself of the privileges of the state; (2) whether the cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Alexander*, 2021 WL 3439131, at *2.

### B. Federal Rule of Civil Procedure 12(b)(5)

Rule 12(b)(5) allows a defendant to seek dismissal for "insufficient service of process." FED. R. CIV. P. 12(b)(5). "District courts 'cannot exercise jurisdiction over a defendant which has not been served properly.'" *Glencore Ltd. v. Occidental Argentina Expl. & Prod, Inc.* No. H-11-3070, 2012 WL 591226, at *2 (S.D. Tex. Feb. 22, 2012). "Actual notice of the claim is insufficient." *Id.* "Rather, formal service is required." *Arumugan v. William Marsh Rice Univ., Amazon.com, Inc.*, No. CV H-13-376, 2014 WL 12599640, at *1 (S.D. Tex. Feb. 6, 2014). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011,

1012 (5th Cir. 1990). "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

### C. Federal Rule of Civil Procedure 12(b)(6)

A party may move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-68 (2009). This standard does not require detailed factual allegations. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a party's "obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). To survive a Rule 12(b)(6) motion, the complaint and any other matters properly considered[2] must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its "judicial experience and common sense," to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556), 679. "But where the well-pleaded facts do not permit the court to infer more than the mere

---

[2] "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (noting that a court's review on a 12(b)(6) motion "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### III. Analysis

The Court first addresses the arguments under Rules 12(b)(2) and 12(b)(5). Then, the Court evaluates the arguments under Rule 12(b)(6).

#### A. Dismissal under Rule 12(b)(2)

Defendant United Airlines Holdings, Inc.'s (UAH) moves to dismiss the amended complaint for lack of personal jurisdiction under Rule 12(b)(2). (Dkt. No. 21). Central to UAH's argument is the fact that UAH is "a holding company, owning all the shares of [United Airlines, Inc.]," Plaintiff's former employer, and does not have any connection to Texas (Dkt. No. 21 at ¶ 4). Plaintiff did not respond to UAH's motion. With the Court's permission, Plaintiff submitted a "Statement of Claim" (Dkt. No. 28), which the Court construes as an amended complaint, as noted above.

In her amended complaint, Plaintiff removed UAH from the style of the case and does not make any allegations against UAH, outside of her intent to "pursue the wrongful termination claim against" it.[3] *Id.* at 12. Plaintiff's changed pleading and lack of response to UAH's motion to dismiss indicate that she does not intend to pursue claims against UAH. *Warner v. Lear Corp.*, No. 3:15-CV-1878, 2016 WL 2594465, at *3 (N.D. Tex. May 5, 2016); *see also Ogbonna*, 2014 WL 12489694, at *2. "Accordingly, the court concludes that [UAH has] been dropped" as a defendant. *Warner*, 2016 WL 2594465, at *3.

"Because [UAH is] no longer [a] part[y]," the Court denies UAH's motion to dismiss for lack of personal jurisdiction (Dkt. No. 21) as moot. *Id.*

#### B. Dismissal under Rule 12(b)(5)

---

[3] Plaintiff adds "United Airlines, Inc." to the style, an entity not joined to this suit. (Dkt. No. 28 at 1).

Defendants Mikuta, Rosa, and Betts move for dismissal under Rule 12(b)(5), arguing that Plaintiff failed to effect proper service, (Dkt. No. 22). Here, Plaintiff personally attempted service on Defendants and effectuated it by mail. (Dkt. Nos. 15, 16, 17). The Federal Rules of Civil Procedure state that proper service is accomplished by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). The Federal Rules of Civil Procedure do not provide for service by mail.

Accordingly, unless following one of the methods articulated under Rule 4(e), Plaintiff must demonstrate proper service in accordance with Texas law. The Texas Rules of Civil Procedure provide that:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
>> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation of the petition.

TEX. R. CIV. P. 106. Additionally, process may only be served by: "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." TEX. R. CIV. P. 103.

Plaintiff's proofs of service and the transmittal envelopes in this case, (Dkt. Nos. 15, 16, 16, 22-1), show that service of process was improper. No service of process was completed by a person authorized by law under Rule 103 because Plaintiff attempted to effectuate service on her own. Plaintiff has also failed to comply with the requirements of the Texas Rules for returns of service. *See* TEX. R. CIV. P. 107. There is no service affidavit and no Rule 107(e) statement. Whether under the Federal Rules of Civil Procedure or the Texas Rules, Plaintiff has not properly served Defendants Mikuta, Rosa, and Betts.

A district court generally enjoys "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Dismissal under Rule 12(b)(5), however, is inappropriate when there is a reasonable likelihood that a plaintiff can still properly effectuate service. *See Jones v. McClean*, No. 3:20-cv-00142, 2020 WL 6366455, at *1 (Oct. 9, 2020). That said, the Court finds that giving Plaintiff additional time to perfect service would be futile because her claims, as described below, do not survive Defendants' challenges under Rule 12(b)(6). The Court, therefore, denies the Mikuta, Rosa, and Betts Defendants' Rule 12(b)(5) motion as moot. *See Carley v. Saalwaechter Inc.*, No. 4:24-CV-03396, 2025 WL 2881460, at *5 (S.D. Tex. Aug. 25, 2025) (dismissing the plaintiff's claims pursuant to Rule 12(b)(6) and denying the motion to dismiss under Rule 12(b)(5) when amendment would be futile).

### C.     Dismissal under Rule 12(b)(6)

The United Defendants[4] and Hodges moved to dismiss Plaintiff's Statement of Claim for failure to state a claim under Rule 12(b)(6). (Dkt. Nos. 8, 23, 24, 29, 30).

---

[4] Since UAH is no longer a party, the relevant United Defendants here are Mikuta, Rosa, Betts, and United Airlines (UA).

Plaintiff appears to assert claims under Title VII, Americans with Disabilities Act (ADA), identity theft, "California Employment Laws", and "Los Angeles Code of Jurisdiction Law." (Dkt. No. 28). The Court first addresses each of Plaintiff's claims against Defendants Mikuta, Rosa, and Betts, then addresses Plaintiff's claims against United Airlines, Inc. (UA), and finally addresses Plaintiff's claims against Hodges.

### 1.  Claims Against Mikuta, Rosa, and Betts

#### a)  Title VII and ADA

Plaintiff's Title VII and ADA complaints against Defendants Mikuta, Rosa, and Betts fail to state a legally cognizable claim. The Fifth Circuit "has held that there is no individual liability for employees under Title VII." *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002). Further, while the Fifth Circuit has not directly addressed the issue, this Court has held that the ADA does not create liability for individual employees either. *See Jones v. Katy Indep. Sch. Dist.*, No. 4:24-cv-01039, 2025 WL 816719, at *2 (S.D. Tex. May 13, 2025) ("[T]he court holds that the ADA allows for no individual liability. Thus, to the extent Plaintiff's contentions are construed as individual capacity claims, Plaintiff's claims must be dismissed."). Therefore, there is no legal basis to hold Defendants Mikuta, Rosa, and Betts liable for the alleged Title VII and ADA violations.

#### b)  Identity Theft

To the extent that Plaintiff brings a cause of action for identity theft against Defendants Mikuta, Rosa, and Betts, Plaintiff makes no allegations that could support such a claim. Plaintiff's cause of action for identity theft points to no case or statute that could support her complaint. *See Thymes v. Gillman Cos.* No. H-17-2834, 2018 WL 1281852, at *2 (S.D. Tex. Mar. 9, 2018) ("Defendant argues that because Plaintiff's cause of action for identity theft and fraud 'fails to identify a common law or statutory claim by its elements, [and] does not even allege any wrongful

conduct against Gillman Subaru or the named Defendants . . . it should be dismissed.' The court agrees."). Here, the same reasoning applies because Plaintiff fails to allege a violation under an identifiable common law or a statute.

As far as wrongful conduct goes, Plaintiff mentions Defendants Mikuta, Rosa, and Betts once, and fails to allege wrongful conduct. Specifically, Plaintiff states that (1) she had to complete an I-9 verification twice and Mikuta and Betts's department was responsible for said paperwork, (Dkt. No. 28 at 2), and (2) after Plaintiff filed her EEOC complaint, Rosa failed to make a notification on the issues asserted by Plaintiff, (Dkt. No. 28 at 3). Even drawing all inferences in Plaintiff's favor, Plaintiff fails to provide the Court with sufficient factual matter to allege a claim of identity theft that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). For those reasons, Plaintiff's claim for identity theft against Defendants Mikuta, Rosa, and Betts does not pass muster under Rule 12(b)(6).

### c) California Employment Laws

Plaintiff also alleges claims against Defendants Mikuta, Rosa, and Betts for violations of "California Employment Laws." (Dkt. No. 28 at 8). To the extent Plaintiff is pleading a claim under California law that is analogous to Title VII and the ADA, the Fair Employment and Housing Act (FEHA), CAL. GOV. CODE § 12940 would apply. To successfully establish a claim under FEHA, Plaintiff must exhaust other administrative remedies first. *See Chew v. City & Cnty. of San Francisco*, 714 F. App'x 687, 690 (9th Cir. 2017) ("Under . . . FEHA, a plaintiff must exhaust all administrative remedies before filing a civil action in which employment discrimination or retaliation claims are alleged."); *see also Williams v. United Parcel Serv. Inc.*, No. 23-cv-02585-DC-SCR, 2025 WL 1400182, at *4 (E.D. Cal. May 14, 2025) ("To satisfy the exhaustion requirement, a plaintiff must file a timely and sufficient administrative complaint with the CRD."). Plaintiff's operative complaint provides no indication that Plaintiff exhausted administrative

remedies as required under FEHA. *See generally* (Dkt. No. 28). Plaintiff, therefore, fails to establish a claim against Defendants Mikuta, Rosa, and Betts for "California Employment Law" violations.

The Court construes Plaintiff's claims under the "Los Angeles Jurisdiction Laws" to mean allegations under the City of Los Angeles Municipal Code or the Los Angeles County Code. (Dkt. No. 28 at 8). Plaintiff fails to state a cognizable legal claim under both alternatives. Specifically, the City of Los Angeles Municipal Code has provisions which protect workers. *See* L.A. CAL. CODE., ch. XVIII art. 1 (grocery workers); art. 3, 4, and 6 (hotel workers); art. 7 (minimum wage); art. 9 (employers' use of criminal history for consideration of employment applications). Plaintiff, however, does not allege anything against Defendants Mikuta, Rosa, and Betts under these specific provisions. The Los Angeles County Code has a provision protecting workers' minimum wage. *See* L.A. CNTY. CAL. CODE § 8.100. But Plaintiff also fails to allege anything under this specific provision. In fact, Plaintiff's Statement of Claims has no mention of an alleged provision under "Los Angeles Jurisdiction Laws," or any other provision that could be analogous to that. *See generally* (Dkt. No. 28). Thus, Plaintiff fails to state a cognizable legal claim against Defendants Mikuta, Rosa, and Betts for the alleged violations of "California Employment Laws" and "Los Angeles Jurisdiction Laws." *Id.* at 8.

The Court, therefore, grants Defendants Mikuta, Rosa, and Betts's Rule 12(b)(6) motion.

### 2. Claims Against UA

#### a) Title VII

Against UA, Plaintiff advances a claim for wrongful termination under Title VII. *Id.* at 2. To state a claim under Title VII, Plaintiff must demonstrate that she "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected

group or was treated less favorably than other similarly situated employees outside the protected group." *Willis v. Cleco Corp.*, 749 F.3d 314, 320 (5th Cir. 2014) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)).

While Plaintiff states that she was "wrongfully terminated and retaliated for her race, identity, national origin, and disability," she bases her alleged discrimination only on "disability or perceived disability" that she specifies as "bipolar and musculoskeletal disease" and provides no other facts supporting her membership in a protected group. (Dkt. No. 28 at 1, 9). Moreover, Plaintiff does not set forth any facts connecting her alleged disability to any adverse action. *See generally* (Dkt. No. 28). Without more, the Court has no factual basis on which to adjudicate allegations of a Title VII violation. Plaintiff, therefore, fails to state a plausible Title VII claim.

### b)   ADA

Plaintiff also advances a claim for disability discrimination under the ADA. (Dkt. No. 28 at 2). To state this claim, Plaintiff must establish that "(1) [she] has a disability or was regarded as disabled, (2) [she] was qualified for the job, and (3) [she] was subject to an adverse employment decision on account of [her] disability." *Jennings v. Towers Watson*, 11 F.4th 335, 344 (5th Cir. 2021) (alteration in original) (quoting *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017)).

Plaintiff does not establish element three because, here again, she does not provide any facts indicating a causal relationship between a disability and an adverse employment action. *See generally* (Dkt. No. 28). As a result, Plaintiff fails to state a claim under the ADA.

### c)   Identity Theft and California Employment Laws

As for Plaintiff's claims of identity theft, "California Employment Laws," and "Los Angeles Jurisdiction Laws," these fail against UA for similar reasons they failed against Defendants Mikuta, Rosa, and Betts, as the Court previously explained. *See supra* § III(C)(1)(b)–(c).

For these reasons, the Court grants Defendant UA's Rule 12(b)(6) motion.

### 3. Claims Against Hodges

Hodges argues that "[t]here are no factual allegations in either the original or amended complaint that [she] engaged in any wrongdoing whatsoever." (Dkt. No. 29 at 1). Plaintiff has not indicated a response to either of Hodges's motions to dismiss (Dkt. Nos. 8, 29).[5] The Court finds no factual allegations or legal theory which could support a claim against Hodges. Accordingly, Plaintiff fails to state a claim against Hodges upon which relief can be granted under Rule 12(b)(6).

The Court, therefore, grants Defendant Hodges's Rule 12(b)(6) motion.

## IV. Conclusion

IT IS HEREBY ORDERED that Defendants' motions to dismiss for failure to state a claim (Dkt. Nos. 8, 23, 24, 29) are GRANTED.

All other pending motions in the above-captioned case (Dkt. Nos. 21, 22, and 26[6]), except Dkt. No. 30, are DENIED as moot.

Dkt. No. 30 is GRANTED IN PART to the extent it reincorporates Dkt. Nos. 23 and 24 and is DENIED IN PART AS MOOT to the extent it reincorporates Dkt. Nos. 21 and 22.

All of Plaintiff's claims against all parties are HEREBY DISMISSED WITHOUT PREJUDICE.

---

[5] In fact, Hodges notes in both motions to dismiss that Plaintiff informed Hodges's counsel that she did not intend to sue Plaintiff, but a court officer directed her to. (Dkt. Nos. 8 at 4 n.1; 29 at 2).

[6] Dkt. No. 26 is Plaintiff's motion requesting the U.S. Marshals to serve several of the defendants. "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. PRO. 4(c)(3). The Court, however, finds that allowing service of process by a U.S. Marshal would be futile because Plaintiff's claims fail to survive Rule 12(b)(6) dismissal for failure to state a claim. *See supra* § III(C). Accordingly, the Court denies Dkt. No. 26 as moot.

SO ORDERED October 28, 2025, at McAllen, Texas.

*Randy Crane*
Randy Crane
Chief United States District Judge